**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DENNIS EUGENE RIGLER,

      Petitioner-Appellant,

v.

JAMES FERGUSON, Warden,
Wyoming State Penitentiary, and
WYOMING ATTORNEY GENERAL,

      Respondent-Appellee.

No. 00-8035
(D.C. No. 98-CV-145B)
(Dist. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **EBEL** and **BRISCOE**, Circuit Judges.

---

Dennis Rigler was convicted in a Wyoming state court on several counts of

sexual assault, attempted sexual assault, and immodest, immoral or indecent

liberties with a child. On direct appeal, the Wyoming Supreme Court ordered an

evidentiary hearing on Rigler's claims of ineffective assistance of counsel. The

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

Wyoming district court held a two-day hearing before finding that Rigler had not received ineffective assistance of counsel. On appeal, the Wyoming Supreme Court affirmed this and several other issues. See Rigler v. State, 941 P.2d 734 (Wyo. 1997).

Rigler then filed a petition for habeas corpus in the federal district court under 28 U.S.C. § 2254. He raised six arguments to show ineffective assistance of trial counsel: (1) failure to communicate sufficiently with Rigler prior to trial; (2) failure to investigate the effect of Rigler's medication on his ability to assist in his defense; (3) effects of trial counsel's exposure to Agent Orange and use of prescription medication; (4) failure to give an opening statement; (5) failure to request a limiting instruction for evidence of prior bad acts; and (6) failure to impeach an expert witness. The district court considered the claims on their merits and denied each one. Rigler filed a notice of appeal. He has also filed a motion to supplement the record with two documents: the motion to disqualify Judge O'Brien (the state trial judge in this case) from Rigler's divorce case and a letter from his trial attorney.

We have jurisdiction over this appeal only if Rigler obtains a certificate of appealability, which we may issue only if Rigler "has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c). The district

- 2 -

court did not issue a certificate of appealability. Therefore, unless we grant the certificate, we must dismiss this appeal.

Rigler does not appear to be arguing that the state courts applied an incorrect legal standard. Rather, his complaint seems to be only that they applied the correct legal standard in an unreasonable manner. The federal district court adequately explained why it was not unreasonable for the state courts to find that none of Rigler's allegations rise to the level of ineffective assistance of counsel. We therefore DENY a certificate of appealability and DISMISS this appeal. We also DENY Rigler's motion to supplement the record on appeal.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge